```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2021

SHELTON BEAMAN,

                         Plaintiff,

                -against-

MICHAEL FRANKLIN, Director Police Services, Office of Operations, Security, and Preparedness; VA POLICE CHIEF in his official capacities; VA POLICE OFFICER, Sergeant BRYAN, individually and in his official capacities; POLICE Officer YOUNG individually and in his official capacities: POLICE Officers: JOHN DOE 1, JOHN DOE 2, and POLICE Officer known as 'JOHN,' et al.,

                        Defendants.

1:21-CV-1750 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

       Plaintiff, appearing *pro se*, asserts claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and state law. He seeks damages as well as injunctive and declaratory relief, and he sues: (1) Michael Franklin, Director of the United States Department of Veterans Affairs's ("VA") Police Service, (2) VA Police Sergeant or Police Officer Bryan, (3) VA Police Officer Young, (4) an unidentified "John Doe" VA Police Captain or Chief, and (5) unidentified "John Doe" VA Police Officers, including one named "John." The Court can construe Plaintiff's complaint as asserting claims under *Bivens*, the Administrative Procedure Act, and the Federal Tort Claims Act.

       By order dated March 25, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on Franklin, Bryan, and Young, and directs the United States Attorney for the Southern District of New York to provide to Plaintiff and the Court the identities, badge numbers (if applicable), and service addresses of the unidentified "John Doe" defendants.

## DISCUSSION

**A.      Service on Franklin, Bryan, and Young**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Franklin, Bryan, and Young until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve Franklin, Bryan, and Young with the complaint until 90 days after the date that summonses are issued for those defendants. If the complaint is not served on Franklin, Bryan, and Young within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (summary order).

To allow Plaintiff to effect service of the complaint on Franklin, Bryan, and Young through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is also instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A." The Clerk of Court is further instructed to issue summonses for Franklin, Bryan, and

Young, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint upon those defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Unidentified "John Doe" defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the VA to identify the unidentified "John Doe" defendants. They are those members of the VA's Police Service, including one named "John," who either ejected or assisted Bryan and Young in ejecting Plaintiff from the grounds of the Manhattan VA Medical Center on the occasions listed in the complaint, between September 1, 2018, and March 19, 2019. It is therefore ordered that the United States Attorney for the Southern District of New York, who is the attorney for and agent of the VA, must ascertain the identity and badge number (if applicable) of each of the unidentified "John Doe" defendants whom Plaintiff seeks to sue here and the addresses where each of those defendants may be served. The United States Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete USM-285 forms with the addresses for the newly named defendants and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants Franklin, Bryan, and Young, (2) complete USM-285 forms with the service addresses for Defendants Franklin, Bryan, and Young, (3) mark the box on the USM-285 forms labeled "Check for service on U.S.A.," and (4) deliver all documents necessary to effect service of summonses and the complaint on Defendants Franklin, Bryan, and Young to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 15, 2021
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Michael Franklin
   Director of the Police Service
   United States Department of Veterans Affairs
   810 Vermont Avenue, NW
   Washington, D.C. 20420

2. Police Sergeant or Police Officer Bryan
   Manhattan VA Medical Center
   423 East 23rd Street
   New York, New York 10010-5011

3. Police Officer Young
   Manhattan VA Medical Center
   423 East 23rd Street
   New York, New York 10010-5011